# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Case No. 12-741V
Filed: August 21, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOYCE WEREMBLEWSKI, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | |
| | \* | Special Master Gowen |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | Influenza (Flu) Vaccine; |
| AND HUMAN SERVICES, | \* | Guillain-Barré Syndrome (GBS); |
| | \* | Dismissal; Insufficient Proof. |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>John Robert Howie, Jr.</u>, Howie Law, P.C., Dallas, TX, for petitioner.
<u>Gordon Shemin</u>, United States Department of Justice, Washington, DC, for respondent.

### **DECISION**[1]

On November 1, 2012, petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she suffered from Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on November 1, 2009.[3]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. <u>Id.</u>

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq*. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3] Petitioner later discovered that the date of vaccination was actually October 9, 2009, not November 1, 2009. *See* Petitioner's Motion for a Decision Dismissing Her Petition at 1.

On August 21, 2014, petitioner moved for a decision dismissing her petition, on the ground that "[t]he investigation of the facts and science supporting Petitioner's case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Petitioner's Motion for a Decision Dismissing Her Petition at 1.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A) and 11(c)(1).

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion sufficient to demonstrate that the vaccinee's injury is vaccine-related. § 13 (a)(1). In this case, petitioner has determined that she will be unable to prove her case, and the undersigned finds that the record does not contain evidence sufficient to demonstrate that petitioner was injured by a vaccine. For these reasons and in accordance with § 12(d)(3)(A), petitioner's claim for compensation is denied, and this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master